IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRL A. COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-191-JHP-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Darrl A. Copeland requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 16, 1964, and was forty-one years old at the time of the administrative hearing (Tr. 60). He has a tenth grade education (Tr. 243) and has worked as a convenience and department store assistant manager, a retail clerk, and a shipping/receiving clerk (Tr. 96). The claimant alleges inability to work since December 10, 1997 (Tr. 96), because of hepatitis C, degenerative disc disease, a fractured left wrist, and depression and anxiety (Tr. 24-25, 95).

## Procedural History

On March 29, 2004, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Lantz McClain conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated December 5, 2007. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation, finding that the claimant had the residual functional capacity ("RFC") to perform a full range of sedentary work, *i. e.*, he could frequently and occasionally lift/carry no more than ten

pounds; stand/walk for at least two hours in an eight-hour workday; and sit for at least six hours in an eight-hour workday (Tr. 26). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled according to "the grids," *i. e.*, Rule 201.25 of the Medical-Vocational Guidelines (Tr. 30).

**Review**

The claimant contends that the ALJ erred: (i) by failing to include all of his limitations in formulating his RFC; and, (ii) by failing to properly analyze his credibility. The undersigned Magistrate Judge finds that the ALJ failed to properly account for the claimant's severe impairments in formulating his RFC, and the Commissioner's decision should therefore be reversed.

The claimant's medical treatment focuses on his complaints of pain related to his left wrist and back and his anxiety and depression. On January 21, 2004, the claimant was examined by Dr. Frank Letcher, M.D. upon referral by his treating physician, Dr. David Ring, D.O. Dr. Letcher reviewed an MRI of claimant's lumbar spine that was done in October 2003, and Dr. Letcher opined that it showed "marked degenerative disease diffusely for a person of his age" and an extruded disk fragment on the right side at L3-4. Dr. Letcher also noted that the claimant had an episode of hepatitis six years prior, and that experience had left claimant disabled (Tr. 141). Dr. Letcher recommended that claimant undergo a lumbar myelogram and a spinal CT scan after the claimant had the pins removed from his left wrist, which he had injured in September 2003 (Tr. 141).

In addition to the claimant's back pain, there are many notations in the record referencing claimant's anxiety and depression and the medications (Alprazalam, Lexapro, and Xanax) he was taking to treat them (Tr. 91, 141, 143, 152, 157-60, 165, 168, 171-74) Dr. Ring was of the opinion that the claimant may suffer from post-traumatic stress disorder originating from his involvement and presence in a car accident in which his best friend was killed (Tr. 171-173). Dr. Ring wrote that his anxiety was so progressed that it was "nearly agoraphobia" (Tr. 173). The claimant has been prescribed anti-depressants for his anxiety and depression on a regular basis, and he testified that he used to see a psychologist even though there are no records to indicate this (Tr. 259).

The claimant testified that he experienced numbness on the right side of his neck and head (Tr. 246-47). He also stated that his knees give out on him occasionally, which causes him to fall approximately once a week, and because of this, he uses a cane to ambulate (Tr. 248). The claimant's mother also testified at the administrative hearing, relaying that she has witnessed the claimant fall as a result of his legs giving out on him (Tr. 261). The claimant also testified that sciatic radiation down his right leg causes constant pain in his legs (Tr. 249). The claimant testified that he often experiences panic attacks as a result of his severe anxiety, and rarely goes out in public (Tr. 253). He stated that he sleeps during the day because of "constant fatigue from [his] liver" and that he was "constantly exhausted . . . from . . . [his] liver being damaged" from his hepatitis C (Tr. 255, 258). His back problems do not allow him to sit in one spot for very long and

the pain he experiences in his legs and back cause him to awaken several times throughout the night (Tr. 257).

The ALJ determined that the claimant's degenerative disc disease and hepatitis C were severe impairments that significantly limited his ability to do basic work activities at step two. He did not, however, account for these severe impairments at step four by including functional limitations in the claimant's RFC. The ALJ acknowledged that the claimant's severe impairments "would undoubtedly [cause] some difficulties[,]" but then wholly discounted them because "[t]here is no evidence that any of claimant's treating physicians have told him to do nothing all day" (Tr. 29). What the ALJ should have done instead was explain how impairments found to be severe enough to significantly limit the claimant's ability to work as step two somehow became so insignificant as to require no functional limitations in the claimant's RFC at step four. *See, e. g., Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) ("At the very least, the ALJ should have explained how a 'severe' impairment at step two became 'insignificant' at step five.").[2]

Because the ALJ erred by failing to account for the claimant's severe impairments in the functional limitations in his RFC, the decision of the Commissioner should be

---

[2] Hepatitis C is "chronic liver disease" the effects of which must be considered in formulating an RFC at step four even where the impairment fails to meet a listing at step three. *See* 20 C.F.R. Part 404, Sbpt. P, Appx. 1, Listing 5.00(D)(4)(ii) ("We evaluate all types of chronic viral hepatitis infections under 5.05 or any listing in an affected body system(s). If your impairment(s) does not meet or medically equal a listing, *we will consider the effects of your hepatitis when we assess your residual functional capacity.*") [emphasis added]. The claimant's testimony clearly supported the inclusion of functional limitations in his RFC, *i. e.*, he testified that he is very fatigued and has no energy. Because the ALJ failed even to mention this testimony, the undersigned Magistrate Judge is unable to determine whether the ALJ considered it.

reversed and the case remanded to the ALJ for further analysis. If such analysis results in any modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**